IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JONATHAN W. BRYANT,                        )
                                           )
                 Plaintiff,                )
                                           )
        v.                                 )   C.A. No. 26-533-CFC-EGT
                                           )
YOUTUBE.COM,                               )
                                           )
                 Defendant.                )

**REPORT AND RECOMMENDATION**

Plaintiff Jonathan W. Bryant, an inmate at James T. Vaughn Correctional Center, filed this action for copyright infringement against Defendant YouTube.com. (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court recommends that the Complaint be DISMISSED WITHOUT PREJUDICE.

I.      **BACKGROUND**

According to Plaintiff, non-party Andre Hatten a/k/a Andre El Bey posted a music video titled "She'll Nevva Hold Me" to Defendant's website. (D.I. 3 at 5).[1] The music video was recorded in 2005 and allegedly contains Plaintiff's performance. (*Id.* at 5). Plaintiff claims he was never compensated for his efforts and he is now suing Defendant for copyright infringement, seeking "$20,000 for each year" since the video was recorded. (*Id.*).

Plaintiff includes a "note" at the end of his Complaint with two more seemingly related events. (D.I. 3 at 6). Plaintiff first alleges that non-party Hatten posted additional recordings of Plaintiff to a website called "U-Chuz.com" based on some unexplained contractual relationship

---

[1]     Plaintiff claims that the video can be found by searching "'She'll Nevva Hold Me' by 'Arthur Bang'" on YouTube. (D.I. 3 at 6). The Court was unable to locate the video.

between Hatten and Defendant. (*Id.*). Additionally, a movie called "The Label" is hosted on Defendant's website, although Plaintiff does not provide details of how the movie is related to Plaintiff. (*Id.*). Plaintiff does not seek separate damages for these events. (*Id.*).

## II.    <u>LEGAL STANDARDS</u>

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provision of 28 U.S.C. § 1915, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson*

*v. City of Shelby*, 574 U.S. 10, 12 (2014).  A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief.  *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).  Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.    DISCUSSION

Even when liberally construed, Plaintiff's Complaint fails to plausibly allege copyright infringement.  To state a claim for copyright infringement, a plaintiff must allege facts showing "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 66-67 (3d Cir. 2018); *see also Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 386 (3d Cir. 2016) ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party." (cleaned up)).  In general, a prerequisite to suing for copyright infringement is having first registered the copyright with the United States Copyright Office.  *See Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 301-02 (2019) ("[R]egistration is akin to an administrative exhaustion requirement.").

Plaintiff does not attach to his Complaint any registration for "She'll Nevva Hold Me" with the Copyright Office . (*See generally* D.I. 3).  Nor does Plaintiff allege – plausibly or otherwise –

3

that his work was, indeed, registered with the Copyright Office. (*See id.*); *see also Frazier v. City of Philadelphia*, 778 F. App'x 156, 159 (3d Cir. 2019). Without any plausible allegation (or inference to draw) that a valid copyright exists, Plaintiff fails to state a claim for copyright infringement. *See Thomson Reuters Enter. Center GmbH v. ROSS Intel. Inc.*, 529 F. Supp. 3d 303, 311 (D. Del. 2021) (citing *Micro Focus (US), Inc. v. Ins. Servs. Off., Inc.*, 125 F. Supp. 3d 497, 501 (D. Del. 2015)); *see also Buchanan v. Sony Music Ent. Inc.*, 836 F. App'x 16 (D.C. Cir. 2021). There being no other claims asserted in the Complaint, the Court recommends that Plaintiff's Complaint be dismissed without prejudice. If Plaintiff owns a valid (registered) copyright in the "She'll Nevva Hold Me" work (or some part thereof), he may be able to state a claim of copyright infringement.[2] Amendment would therefore not be futile.

## IV.    CONCLUSION

For the foregoing reasons, the Court recommends that the Complaint (D.I. 3) be DISMISSED WITHOUT PREJUDICE. The Court further recommends that Plaintiff be given thirty (30) days from the date this Report and Recommendation is adopted to file an amended pleading.

Plaintiff may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* FED. R. CIV. P. 72(b)(2); *see also* FED. R. CIV. P. 6(d). Objections are limited to four (4) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

---

[2]    The Court expresses no opinion on who would be the proper defendant in that case.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1. Parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated: June 1, 2026

_____
UNITED STATES MAGISTRATE JUDGE