IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JONATHAN W. BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 26-533-CFC-EGT |
| | ) | |
| YOUTUBE.COM, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff Jonathan W. Bryant, an inmate at James T. Vaughn Correctional Center, filed this action against Defendant YouTube.com. (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). Having now granted Plaintiff's motion to amend his complaint (D.I. 16 & 17), the Court proceeds to screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court recommends that the Amended Complaint be DISMISSED WITHOUT PREJUDICE. Plaintiff's motions for discovery of Defendant's service address (D.I. 7 & 15) are DENIED.

## I. BACKGROUND

The Court set forth a factual background in a recent opinion. (*See* D.I. 8 (R&R); *see also* D.I. 10 (R&R adopted)). Those facts remain largely unchanged in the Amended Complaint. According to Plaintiff, he and non-parties Andre Hatten a/k/a Andre El Bey and Mitchell Coleman recorded a music video titled "She'll Nevva Hold Me." (D.I. 18 at 1-2). The music video was recorded in 2005 and allegedly contains Plaintiff's performance. (*Id.*). Plaintiff states that there was a verbal agreement between him and Hatten that Plaintiff would be compensated for his work. (*Id.* at 2). Plaintiff claims he was never compensated. (*Id.*). He is now suing Defendant, seeking "$20,000 for each year" since the video was recorded. (*Id.* at 3).

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of § 1915, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A

plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. <u>DISCUSSION</u>

### A. Screening

Plaintiff's Amended Complaint is largely identical to his original (deficient) Complaint, except that it contains even fewer factual allegations and now only alleges that Plaintiff was never properly compensated for his performance in "She'll Nevva Hold Me." (D.I. 18 at 2). Plaintiff claims this is a "definite violation of [his] constitutional right to compensation." (*Id.*). No such right exists. The Court recommends that any claim based on this non-existent right be dismissed.

Construing Plaintiff's Amended Complaint liberally, the Court discerns that Plaintiff may still be attempting to assert a claim for copyright infringement as he did in the original Complaint. (*See* D.I. 3 at 5). If so, Plaintiff has failed to rectify the prior deficiency identified by the Court – that he does not allege in or attach proof to the Amended Complaint that "Shell Nevva Hold Me" has been registered with the Copyright Office. (*See* D.I. 8 at 3-4). As previously explained, that

is a prerequisite to bringing a claim for copyright infringement. *See Thomson Reuters Enter. Center GmbH v. ROSS Intel. Inc.*, 529 F. Supp. 3d 303, 311 (D. Del. 2021) (citing *Micro Focus (US), Inc. v. Ins. Servs. Off., Inc.*, 125 F. Supp. 3d 497, 501 (D. Del. 2015)); *see also Buchanan v. Sony Music Ent. Inc.*, 836 F. App'x 16 (D.C. Cir. 2021). Because the Amended Complaint does not cure this deficiency, Plaintiff still fails to state a claim.

Plaintiff may also be attempting to assert a breach of contract claim.[1] (*See* D.I. 18 at 2 (discussing a verbal agreement between Plaintiff and Andre Hatten)). If so, Plaintiff cannot sue Defendant YouTube.com – a non-party to the alleged verbal contract – for breach of contract. *Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*, 817 A.2d 160, 172 (Del. 2002). The Court thus recommends any such breach of contract claim be dismissed.

The Court recommends that Plaintiff be given one final opportunity to amend to allege or show that he has registered his performance in "She'll Nevva Hold Me" with the Copyright Office. If Plaintiff fails to do so, the Court recommends that Plaintiff's case against Defendant YouTube.com be dismissed with prejudice.

**B. Plaintiff's Motions for Service-Related Discovery (D.I. 7 & 15)**

Plaintiff has also filed a "Motion for Discovery" (D.I. 7) and "Letter-Motion for Discovery of Defendant Contact Information" (D.I. 15). Both motions request Defendant's corporate address so that Plaintiff may serve process. (*See* D.I. 7; D.I. 15 at 1-2).

Plaintiff is proceeding *in forma pauperis*. (D.I. 4). The Court will issue and order service only once it appears that Plaintiff may have stated a viable claim. *See* 28 U.S.C. § 1915(d)-(e). That has not happened yet – the Court has now recommended that the Amended Complaint be

---

[1] Because there is no caption on the Amended Complaint – in violation of Federal Rule of Civil Procedure 10(a) – the Court assumes that Plaintiff is attempting to assert this claim against Defendant YouTube.com.

dismissed. Service on Defendant is unwarranted at this time and, as such, Plaintiff's motions for service-related discovery are denied.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that the Amended Complaint (D.I. 18) be DISMISSED WITHOUT PREJUDICE. The Court further recommends that Plaintiff be given thirty (30) days from the date this Report and Recommendation is adopted to file an amended pleading. Plaintiff's remaining service-related motions (D.I. 7 & 15) are DENIED.

Plaintiff may file objections to this Order and Report and Recommendation within fourteen (14) days after being served with a copy of the Order and Report and Recommendation. *See* FED. R. CIV. P. 72(a) & (b)(2); *see also* FED. R. CIV. P. 6(d). Objections are limited to five (5) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights or the right to appellate review. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017); *United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006-08 (3d Cir. 1987); *Bello v. United Pan Am. Fin. Corp.*, 2025 WL 275109, at *3 n.5 (3d Cir. Jan. 23, 2025).

This Order and Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(A) & (B), Federal Rule of Civil Procedure 72(a) & (b) and District of Delaware Local Rule 72.1. Parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated: August 21, 2026

UNITED STATES MAGISTRATE JUDGE